# C A D W A L A D E R

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

May 2, 2025

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Roccaro et al. v. Nasary*, Case No. 1:24-cv-05861-JHR

Dear Judge Rearden:

Pursuant to Your Honor's April 28, 2025 Order, Plaintiffs Maximum Quality Foods, Inc. and Gary Roccaro ("Plaintiffs") and Defendants Abdul Wahab Nasary and Abdul Tawab Nasary ("Defendants") submit this joint letter.  The parties were unable to reach an agreement on the content of the proposed Civil Case Management Plan.  Plaintiffs' proposal is attached as Exhibit A.  Defendants' proposal is attached as Exhibit B.  The parties also provide the following information pursuant to Your Honor's Order:

1.     **The names of counsel and current contact information;**

   **Plaintiffs**:
   Cadwalader, Wickersham & Taft LLP
   200 Liberty Street
   New York, NY 10281
   Tel:  (212) 504-6000
   Nicholas A. Gravante, Jr. (nicholas.gravante@cwt.com), Danielle Vincenti Tully (danielle.tully@cwt.com) Jared Stanisci (jared.stanisci@cwt.com), Michael B. Powell (michael.powell@cwt.com), and John T. Augelli (john.augelli@cwt.com)

   **Defendants**:

CADWALADER

Hon. Jennifer H. Rearden
May 2, 2025

| | |
|---|---|
| Leavitt, Kerson & Sehati, Lead Counsel<br>118-35 Queens Boulevard, Suite 950<br>Forest Hills, NY 11375<br>Tel: (718) 793-8822<br>Paul E. Kerson; kersonpaul@aol.com | Kohan Law Group, P.C., as co-counsel to Leavitt, Kerson & Sehati<br>1180 Northern Boulevard, Suite 201<br>Manhasset, NY 11030<br>Tel: (516) 684-9891<br>Michael Kohan;<br>michael@kohanlawgroup.com |

**2.   A brief statement of the nature of the action;**
   **Plaintiffs**:

Plaintiffs allege that Defendants misappropriated their trade secrets, engaged in unfair competition, and committed tortious interference, arising out of Defendants stealing trade secret and confidential business information from MQF and using that information to gain a competitive advantage in the marketplace. Defendants accomplished this by undercutting MQF's pricing in the marketplace and by stealing MQF's customer lists, pricing information, and know-how. Mr. Roccaro also alleges that Defendants breached their fiduciary duties to him by, *e.g.*, freezing him out of Tasty Poultry, LLC (the "LLC")—a company that the Defendants and Mr. Roccaro jointly own and operated amicably for nearly twenty years. Plaintiffs incorporate by reference the arguments set forth in their motion to dismiss Defendants' counterclaims under Rule 12(b)(6). (ECF Nos. 21 and 30.)

   **Defendants**:

Defendants deny Plaintiffs' allegations of wrongdoing, *en toto*. Plaintiffs brought this action in retaliation for an underlying dispute between the LLC's shareholders involving, inter alia, Plaintiffs' wrongful misappropriation of customers that is unfairly competing with the LLC and impedes the ability of the members to work together. That dispute is being heard in a Bronx

CADWALADER

Hon. Jennifer H. Rearden
May 2, 2025

Supreme Court (Index No. 813094/2024E) proceeding to dissolve the LLC, and for other relief against Roccaro. Defendants allege that Plaintiffs' claims in this intertwined matter are designed to destroy the LLC and are inviable in light of the public nature of the "trade secrets." Defendants counterclaimed for breach of fiduciary duty, fraud, breach of contract, and unjust enrichment and incorporate by reference their Answer as well as their opposition to Plaintiffs' motion to dismiss. (ECF Nos. 20 and 29.)

3. **A brief explanation of why jurisdiction and venue lie in this Court;**

This Court has subject matter jurisdiction under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, and 28 U.S.C. § 1331 andhas supplemental jurisdiction under 28 U.S.C. § 1367. Further, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000. Plaintiff Maximum Quality Foods, Inc., a food service distributor, is a New Jersey corporation. It is located at 3351 Tremley Point Road, Linden, New Jersey 07036. Plaintiff Mr. Roccaro is a resident of New Jersey. Defendants are residents of New York. Venue is proper in SDNY under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. Defendants are subject to personal jurisdiction in New York, and Tasty Poultry is governed by the laws of New York.

**Plaintiffs**:

Defendants have both answered Plaintiffs' Complaint and filed counterclaims of their own in which they contend jurisdiction and venue is proper in this Court. Any objection to proceeding here based on the so-called *Colorado River* abstention doctrine has been forfeited.

**CADWALADER**

Hon. Jennifer H. Rearden
May 2, 2025

**Defendants**:

As set forth in Defendants' Answer and in its motion practice, this Court ought not exercise jurisdiction based on the abstention doctrine, which the Court does not waive. See *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); *Ohio Civil Rights Comm'n v. Dayton Christian Pub. Schools, Inc.*, 477 U.S. 619 (1986).

4. **A statement regarding the status of any Defendants who have not appeared;**
   N/A

5. **A statement of all existing deadlines, due dates, and/or cut-off dates;**
   N/A

6. **A brief description of any outstanding motions;**

   The only pending motion is Plaintiffs' motion to dismiss Defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(6). It has been fully briefed since November 12, 2024.

7. **A statement and description of any pending appeals;**
   N/A

8. **A description of any discovery;**

   The parties have not engaged in any discovery to date but Defendants contend they have voluntarily provided certain financial documents in the Bronx case. Plaintiffs contend that such productions are not yet complete. The parties need to serve discovery demands, conduct depositions, and undertake expert discovery. All parties intend to take third-party discovery.

9. **A brief description of the status of prior settlement discussions;**
   **Plaintiffs**:

   No settlement discussions have occurred. Defendants and Plaintiff Mr. Roccaro have engaged in court-ordered mediation in an unrelated, second-filed dissolution case brought by

CADWALADER

Hon. Jennifer H. Rearden
May 2, 2025

Defendants in the Supreme Court, Bronx County.  That mediation does not concern the claims and defenses raised by Plaintiffs' Complaint. Contrary to Defendants' assertion below, there was no "mutual understanding" that the Bronx mediation would result in a global settlement or have any bearing on this case.

**Defendants**:

The Parties are engaged in court-ordered private mediation in the Bronx matter, with a mutual understanding at the outset that any settlement must be global to include this related action. Five sessions were held with sessions in May and June scheduled.

10. **Alternate dispute resolution mechanisms;**
    **Plaintiffs**:

    The parties have not discussed alternative dispute resolution in this matter.  No ADR would be productive until at least the end of fact discovery.

    **Defendants**:

    The parties have not discussed ADR in this matter, except as set forth above.

11. **An estimate of the length of trial; and**

    Plaintiffs : 3-4 days. Defendants: 10 days.

12. **Any other information that the parties believe may assist the Court.**
    **Plaintiffs**:
    N/A
    **Defendants**:

    The Court is respectfully referred to the discussion concerning mediation and the global settlement of all issues, as described herein.

CADWALADER

Hon. Jennifer H. Rearden
May 2, 2025

Respectfully submitted,

*/s/ Danielle V. Tully*

Danielle V. Tully

cc: Counsel of Record