ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY ROCCARO and MAXIMUM QUALITY
FOODS, INC.,

                              Plaintiffs,

          - against -

ABDUL WAHAB NASARY and ABDUL TAWAB
NASARY,

                              Defendants.

24 Civ. 5861 (JHR)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/25/21

        Plaintiffs Gary Roccaro and Maximum Quality Foods, Inc. commenced this action against defendants Abdul Wahab Nasary and Abdul Tawab Nasary alleging, *inter alia*, breach of fiduciary duty and misappropriation of trade secrets in the operation of jointly-owned fresh poultry distributor, Tasty Poultry LLC (the "LLC"). Compl. (Dkt. No. 1). Plaintiffs now move to dismiss defendants' amended counterclaims for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the following reasons, defendants' counterclaims are dismissed.

                              **BACKGROUND**

        The Court assumes familiarity with the facts of the case. For the purposes of this motion, the facts presented in defendants' amended counterclaims are presumed true. See Am. Answer & Countercls. (Dkt. No. 20).

        A brief review of procedural history is instructive. The

-1-

instant motion is plaintiffs' second motion to dismiss. Plaintiffs first moved to dismiss defendants' original counterclaims on the basis that defendants failed to state a claim under Rule 12(b)(6). Mem. Mot. Dismiss Countercls. (Dkt. No. 18). Pursuant to Rule 15(a)(1)(B), the Court granted defendants the opportunity to file amended counterclaims, noting "[d]efendants will not be given any further opportunity to amend the counterclaims to address issues raised by the motion to dismiss." Order (Dkt. No. 19). Defendants then amended their counterclaims, dropping those for malicious prosecution and tortious interference; adding an unjust enrichment claim; and elaborating on claims for breach of fiduciary duty, fraud, and breach of contract. See Am. Answer & Countercls.

Also relevant, shortly after the filing of plaintiffs' complaint, defendants filed their own suit in the Supreme Court of the State of New York, Bronx County, Nasary et al v. Tasty Poultry LLC et al, 813094/2024E (Sup. Ct. 2024) (the "state case"). That suit, against Roccaro and the LLC, requests dissolution of the LLC and liquidation of its business, assets, and affairs. Compl., Nasary, 813094/2024E. It was referred to mediation on December 24, 2024, which remains ongoing. Order Ref. Med., Nasary, 813094/2024E.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a

-2-

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Allegations of "[s]tanding 'must be supported in the same way.'" Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 180 (S.D.N.Y. 2011) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, (1992)). At the pleading stage, this requires the claimant to assert "general factual allegations" of a "distinct and palpable injury to himself." Id. (quoting Lujan, 504 U.S. at 561; Warth v. Seldin, 422 U.S. 490, 501 (1975)).

## DISCUSSION

### I.   Abstention or Stay

As a threshold matter, defendants request that this Court abstain from exercising jurisdiction pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), or in the alternative, stay this proceeding during mediation of the state case. Both requests are procedurally improper because defendants raise them in opposition briefing rather than a motion. See Hooks v. City of New York, 2022 WL

-3-

16964010, at *8 (S.D.N.Y. Nov. 16, 2022) ("[T]his Court need not consider the City's Colorado River argument because it was raised for the first time in a reply brief." (internal quotation and citation omitted)); Tolliver v. Jordan, 2021 WL 2741728, at *1 n.3 (S.D.N.Y. July 1, 2021) (holding that a request for "stay of proceedings must be brought by way of separate motion, and not in an affirmation in opposition").

Moreover, both abstention and stay would be substantively improper. Colorado River applies only where federal and state cases are parallel, in order to conserve judicial resources and avoid "inconsistent dispositions." 424 U.S. at 819; see Dittmer v. Cnty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Dittmer, 146 F.3d at 118 (citation omitted). The instant suit is not parallel to the state case, which deals only with the dissolution of the LLC and does not address the parties' trade secret, tort, and contract claims. Similarly, a stay would be futile since allowing mediation to progress in the state case would provide no efficiencies or protection from inconsistent rulings for the distinct issues in the federal case. Thus, the Court will not abstain or stay.

-4-

## II.  Rule 12(b)(1)

Finding no reason to defer ruling on this motion, the Court proceeds to the merits of the argument. Plaintiffs argue that defendants lack standing for their breach of fiduciary duty, fraud, and unjust enrichment claims because the claims are derivative in nature and can only be brought by the LLC. Defendants do not rebut this argument in their opposition and therefore concede it. See Barkai v. Mendez, 629 F. Supp. 3d 166, 185 (S.D.N.Y. 2022) (granting motion to dismiss on portion of argument that claimant "effectively conceded" where opposition and sur-reply failed to discuss it); Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016)(holding that the party opposing a fact-based Rule 12(b)(1) motion "will need to come forward with evidence" to support the assertion of standing).

Regardless, the Court agrees with plaintiffs that defendants lack standing on each of these claims because they are derivative in nature. The alleged harm is to the LLC and only flows derivatively to the defendants. See Bischoff v. Boar's Head Provisions Co., 436 F. Supp. 2d 626, 633 (S.D.N.Y. 2006) (holding claim was derivative and "belong[ed] to the LLC," because "to the extent that [complainant was] injured, that injury flow[ed] from his status as a member of [the LLC]"). This fatal lack of individual injury was raised in plaintiffs' first motion to dismiss as to defendants' breach of fiduciary duty and

tortious interference claims, which was sufficient to put defendants on notice that injury to the LLC would not support individual claims. See Mem. Mot. Dismiss Countercls. at 10, 12. Despite the Court's warning in its Order granting leave to amend, defendants failed to remedy the issue in their amended counterclaims. Therefore, the counterclaims for breach of fiduciary duty, fraud, and unjust enrichment are dismissed.

### III. Rule 12(b)(6)

Defendants' third counterclaim, for breach of contract, alleges only damages to the defendants individually, so the standing issue is not present. Therefore, the Court proceeds to plaintiffs' arguments that defendants fail to state a claim under Rule 12(b)(6). Specifically, plaintiffs argue that the counterclaim does not allege the existence of a contract.

To state a claim for breach of contract, a party must first plead the existence of an agreement, which requires "alleg[ing] the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated." Childers v. New York & Presbyterian Hosp., 36 F. Supp. 3d 292, 312 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). Defendants argue that they sufficiently plead an oral agreement to conduct business, but the counterclaim alleges only an "underlying agreement between the parties to live up to their fiduciary

-6-

duty." Am. Answer & Countercl. ¶ 41.

This sole allegation does not meet even the low bar of Rule 12(b)(6). It is not clear from this allegation, nor can the Court reasonably infer, what the essential terms of the contract were, regardless of whether they were written or verbal. And, merely defining the contract as one for fiduciary duty does not satisfy the requirement of identifying a specific provision that was breached. See Childers, 36 F. Supp. 3d at 312 (finding complaint "fail[ed] to allege any specific provision of the contract, but simply allege[d] that the [defendant] breached the implied covenant of good faith and fair dealing"). Here too, plaintiffs first raised this failing in their initial motion to dismiss. See Mem. Mot. Dismiss Countercls. at 13. Despite this notice and the Court's warning, defendants did not remedy the issue in their amended counterclaims. Thus, defendants' counterclaim for breach of contract is dismissed.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss is granted. Defendants' amended counterclaims are dismissed.

So ordered.

Dated:    New York, New York
          February 25, 2026

_____
LOUIS L. STANTON
U.S.D.J.